UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM H. HENNIG** | **CIVIL ACTION** |
| **VERSUS** | **NO:     17-01053** |
| **SMOOTHIE KING FRANCHISES, INC.** | **SECTION: "A" (4)** |

### ORDER

Before the Court is the Plaintiff's **Motion for Leave to File First Amended Complaint** (**R. Doc. 52**). The motion is opposed. R. Doc. 54. The motion was heard on the briefs.

### I.     Background

The instant action was filed on February 6, 2017, in which Kim Hennig ("Plaintiff") alleged that: (1) Smoothie King Franchises, Inc. ("Defendant") violated the Americans with Disabilities Act because Plaintiff has Parkinson's disease, which is a qualifying disability, she informed the Defendant of the disability and requested a reasonable accommodation that would have been effective and posed no undue hardship on the Defendant, no reasonable accommodation was provided, and Plaintiff was terminated because of her disability; and (2) the Defendant engaged in gender discrimination in violation of Title VII, which caused Plaintiff to suffer loss of pay, benefits, and prestige, as well as causing mental and emotional distress. R. Doc. 1, pp. 2-7.

The Plaintiff seeks a reinstatement of her employment, full front and back pay, compensatory damages, punitive damages, all employment benefits she would have enjoyed but for the discrimination, and attorney's fees. *Id.* at p. 7.

The instant motion was filed on February 26, 2018 seeking leave to file a first amended complaint. R. Doc. 52. The Plaintiff seeks to add discrimination claim for being "regarded as" having a disability pursuant to the ADA Amendments Act of 2008. R. Doc. 52-1, p. 3; R. Doc. 52-2, p. 7. Plaintiff argues that: (1) She did not need to add any factual allegations to the amended

complaint; (2) the administrative prerequisite to plead "regarded as" discrimination has been met; (3) there is good cause for the amendment pursuant to federal Rule of Civil Procedure 16(b); and (4) there is no substantial reason under Federal Rule of Civil Procedure 15(a) to deny the amendment.

The motion is opposed. R. Doc. 54. The Defendant argues that amendments to pleadings were required to be filed by July 14, 2017 and that the Plaintiff has failed to show good cause for the amendment as required by Rule 16(b). *Id.* According to the Defendant, the Plaintiff merely failed to raise a claim that could have been raised at the outset of litigation because the facts underlying the claim have been known since the time of the filing of the original complaint. *Id.* at pp. 2-3. In addition, the Defendant argues that the amendment would interject a new cause of action shortly before depositions and leave Defendant without an opportunity to utilize written discovery to develop facts and circumstances upon which the Plaintiff relies. *Id.* at p. 3.

## II.   **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v.*

*Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n.,* 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. Id. (citing *Briggs v. Miss.,* 331 F.3d 499, 508 (5th Cir. 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

**III.   Analysis**

As an initial matter, the Court finds that a scheduling order of the District Court was in effect at the time of the filing of the instant motion. R. Doc. 13. That order established a July 14, 2017 deadline for any amendments to pleadings. *Id.* On January 11, 2018, the District Court

granted a continuance which reset a several of the deadlines in the case, but did not extend the deadline to amend pleadings. R. Doc. 42. Currently, the discovery deadline in this case is set for May 16, 2018, the pre-trial conference is set for September 5, 2018, and the trial will occur on September 17, 2018. *Id.* As such, Rule 16(b) is applied to the amendment of pleadings in the instant matter.

### A. Rule 16(b) Analysis

A motion to amend pursuant to Rule 16(b) will only be granted for good cause. To determine whether good cause exists in granting an untimely amendment the Court considers the movants explanation for its timely failure to amend, the importance of the amendment, the potential prejudice in allowing the amendment, and the availability of a continuance to cure the prejudice. *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536).

The Court is first required to consider the Plaintiff's explanation for her failure to timely move for leave to amend. In the memorandum in support of the motion it states that, "due to the developing posture of this case and facts recently learned, it has become clear to[sic] that Ms. Hennig has a discrimination claim under both prongs of the ADA (i.e. actual disability and 'regarded as' disabled)." R. Doc. 52-1, p. 5. Elsewhere in the motion, however, it states that Ms. Hennig is not pleading additional facts and did not need to add any factual allegations. *Id.* at pp. 4-5.

In opposition, the Defendant argues that the proposed amendment does not add any of these "facts recently learned" or any other facts. R. Doc. 54, p. 2. As such, the Defendant argues this is not an attempt to add a new cause of action from newly discovered facts, but rather an attempt to

4

raise an additional theory that the Plaintiff merely failed to include in the original complaint. *Id.* at pp. 2-3.

With respect to the first factor, the Court finds that it weighs heavily against the Plaintiff. The Plaintiff says that the reason for the untimely amendment is the developing posture of the case and facts recently learned. However, the Court finds this explanation to be unpersuasive. *See S & W Enterprises*, 315 F.3d at 536, n. 3 (Finding the Plaintiff offered effectively no explanation when it did not address why it could not set forth a claim of tortious interference with a contract at the time the lawsuit was filed). In our instant case the Plaintiff does not indicate what facts have been recently learned. Further, the Plaintiff indicates that there is no need for additional factual allegations to support the claim, therefore, it would seem that developments in the case are not what necessitated the untimely filing.

Next, the Court considers the importance of the amendment. Plaintiff argues that the amendment is important because she has claims under both the "actual disability" prong of the ADA as well as the "regarded as" disabled prong. R. Doc. 52-1, p. 5. Plaintiff argues that because the ADA recognizes that it is possible to face unlawful discrimination regardless of the level of impairment based on an employer's unfair judgment of abilities this amendment is important. Further, the Plaintiff argues she should be able to pursue all avenues of recovery available on account of unlawful discrimination. *Id.* Upon review of the opposition, the Court notes that the Defendant did not argue that the amendment was not important, only that if it was allegedly important it should have been timely filed. R. Doc. 54, p. 3.

Congress amended the ADA in 2008 to clarify the scope and remedy some unintended judicial interpretations. *Williams v. Tarrant Cty. College Dist.*, -- Fed. App'x. --, 2018 WL 480487 at *4. As a threshold matter a plaintiff is required to show that she suffers from a disability, and

5

the ADA provides the standards that are relevant. 42 U.S.C. § 12102(1). The ADA provides that a plaintiff satisfies the actual disability standard by showing a physical or mental impairment that substantially limits one or more major life activities. *Id.* § 12102(2)(A). Under the statute major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* A plaintiff can also be considered disabled if she satisfies the "regarded as" standard by establishing that she was subject to a prohibited action because of a perceived impairment, whether or not its substantially limiting, or is perceived to substantially limit a major activity. *Williams*, 2018 WL 480487, at *4. Under the statute the plaintiff must only plead and prove that she was regarded as having an impairment and not that it limited a major life activity. *Id.* Due to the difference in the definitions of disability under the ADAAA the Court finds that this amendment would be important and the second factor weighs in favor of the Plaintiff.

The Court also considers the prejudice in allowing the amendment and the availability of a continuance to cure that prejudice. The Plaintiff argues that there is no prejudice in allowing the amendment and the Defendant cannot demonstrate prejudice as discovery is still in its early stages and, as of filing the motion, no depositions have occurred. R. Doc. 52-1, p. 5. Further, the Plaintiff argues that the discovery deadline is May 16, 2018, and therefore the Defendant has time to request additional discovery. *Id.* She also argues that the facts required to prove discrimination for being "regarded as" disabled are either already at issue or entirely in the possession of the Defendant. *Id.* at pp. 5-6. Finally, Plaintiff argues that no deadlines would be need to be extended because the discovery deadline has not passed and there will be ample time to question Plaintiff on these issues. *Id.* at p. 6.

6

The Defendant argues that this amendment would interject a new cause of action within days before the Plaintiff's scheduled deposition, would deprive the Defendant of an opportunity to utilize written discovery to develop facts and circumstances upon which Plaintiff relies to support this cause of action before her deposition and Defendants own corporate deposition. R. Doc. 54, p. 3. Further, the Defendant argues the case has been continued once and any further continuance necessitated by the proposed amendment would only serve to unnecessarily delay the resolution of the case. *Id.* at pp. 3-4.

The Plaintiff sought leave to file a reply to the opposition, which the Court granted. She argues that the Defendant's concerns about needing written discovery are without merit because the facts underlying the claim are already at issue and the entirety of the "regarded as" disabled claim turns on how she was perceived by the Defendant and treated based on that perception. Plaintiff argues that this means that all the facts and circumstances were within the defendant's control. R. Doc. 57, p. 2. The Plaintiff further argues that the Defendant has not pointed to any deadline that would need to be extended to accommodate the proposed amendment and there are no factors that would require an extension of any deadline. *Id.* at pp. 2-3.

The Court finds that there is no prejudice, only possibly inconvenience, in allowing the amendment. There is no doubt that the "regarded as" disabled claim is different from the claim of actual disability. However, the Court does not find that the addition of the "regarded as" claim would cause a significant increase in the amount of discovery required. Further, while the Defendant states that Plaintiff's deposition was scheduled for March 13, 2018 and the Defendant's Rule 30(b)(6) deposition is scheduled for March 26, 2018, the discovery deadline is not until May 16, 2018, and trial is not scheduled until September 17, 2018. There is still time to complete and supplement any discovery in this matter. There are approximately two months before the discovery

deadline and nearly six months until trial. The Court, therefore, finds a lack of prejudice to the Defendant and as such no continuance would be necessary. The final two factors under the Rule 16(b) analysis also weigh in favor of the Plaintiff.

The Court finds that because the amendment is important, there will be no prejudice to the Defendant, and no continuance is necessary, therefore, the Rule 16(b) factors weigh in favor of amendment and the Plaintiff has demonstrated good cause. Next, the Court is required to evaluate the proposed amendment pursuant to Rule 15(a).

### B. Rule 15(a) Analysis

The first factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, the Fifth Circuit has indicated that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

The Court does not find undue delay, bad faith, or dilatory motive with respect to the proposed amendment. The amendment will not cause any unwarranted burdens on the Court. In addition, as discussed while conducting the Rule 16(b) analysis, the Court does not find that the amendment will cause prejudice in the matter. The first factor pursuant to the Rule 15(a) analysis weighs in favor of amendment.

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

A review of the record shows that this is the first time the Plaintiff has sought leave to file an amended complaint in this case. In addition, the proposed amendment is not being made to cure any defects. The Court, therefore, finds that the second factor weighs in favor of amendment.

The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

The proposed amendment seeks to add a new cause of action alleging that the Plaintiff was "regarded as" disabled and suffered an adverse employment action as a result of her perceived disability. R. Doc. 52-2, p. 7. The Court does not find that this amendment would fundamentally alter the nature of the case. The original complaint and proposed amended complaint contain a cause of action for discrimination based on allegations that the Plaintiff had an actual disability under the ADA, she informed her employer of the disability, requested a reasonable accommodation, no accommodation was provided, and was then terminated. R. Doc. 1, p. 6; R Doc. 52-2, p. 6. The proposed amended complaint adds the "regarded as" disabled cause of action and is similar because it alleges that the Defendant is covered by the ADA, Plaintiff was regarded as suffering from a disability within the meaning of the ADA during her employment, she was qualified to perform essential functions with or without a reasonable accommodation, and suffered an adverse employment action because of her perceived disability. R. Doc. 52-2, p. 7. The proposed cause of action arises from the same statutory scheme as the original. It also does not allege an entirely new form of discrimination. The Court therefore finds that there is no undue prejudice to the Defendant and as a result the third factor weighs in favor of amendment.

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is whether the amendment and potential new claims are futile. The Court does not find that the proposed amendment is facially futile and therefore the fourth factor also weighs in favor of amendment.

Based on the Court's analysis pursuant to Rule 15(a) the Court finds that there is no substantial reason for deny the motion for leave to amend and it should be granted.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to File First Amended Complaint (R. Doc. 52)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the clerk of court shall filed the first amended complaint attached to the motion into the record.

New Orleans, Louisiana, this 23th day of March 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**